UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andra T. Robinson,

    Plaintiff,

v.                                              Case No. 07-10421

Radian, Inc., a/k/a Radian, Inc. of         Honorable Sean F. Cox
Virginia, d/b/'a DRS Technical Services,

    Defendant.
_____/

## ORDER
## ALLOWING SUPPLEMENTAL BRIEFING
## AND CANCELLING JANUARY 24, 2008 MOTION HEARING

Plaintiff filed this action against his former employer on January 26, 2007. The matter is currently before the Court on Defendant's Motion for Summary Judgment. For the reasons set forth below, based on the materials submitted to date, it appears that Plaintiff's claim under Michigan's Whistleblowers' Protection Act, M.C.L. § 15.361 *et seq*. ("the WPA") may fail as a matter of law. Due to the unusual/unique way that the issues in this motion were raised and developed by the parties, however, the Court believes that additional briefing should be permitted before the Court rules on the pending motion for summary judgment.

Plaintiff Andra T. Robinson ("Plaintiff") filed this action against Defendant Radian, Inc., a/k/a Radian, Inc. of Virginia, d/b/a DRS Technical Services[1] ("Defendant") on January 26, 2007. Plaintiff's claims arise out of his employment relationship with Defendant, his previous

---

[1] Defendant states that Plaintiff has "incorrectly named the defendant in these proceedings. As of March 2005, when Plaintiff commenced employment with defendant, the Company was known as Radian, Inc. ("Radian"). On January 30, 2006, Radian was acquired by DRS Technologies, Inc. and, in November 2006, Radian was merged with and into DRS Technical Services, Inc." (Def.'s Br. at 1).

employer. Defendant is a corporation which provides engineering and technical services to military and commercial customers. (Pl.'s Compl. at ¶ 8; Def.'s Answer at ¶ 8). Plaintiff began working for Defendant on or about March 7, 2005, as a senior contracts administrator. (*Id.* at ¶ 9). Plaintiff's First Amended Complaint[2] asserts the following claims against Defendant: "Michigan's Whistleblower's Protection Act" (Count I), and "Retaliation in Violation of Public Policy ('Public Policy Tort')" (Count II).

Defendant filed a Motion for Summary Judgment on November 8, 2007, that is currently pending before the Court and is scheduled for hearing on January 24, 2008.

In its Motion for Summary Judgment, Defendant asserts that: 1) Plaintiff's WPA claim (Count I) should be dismissed for various reasons; and 2) Plaintiff's "Retaliation in Violation of Public Policy" Claim (Count II) should be dismissed because his claim falls within the protection of the WPA and therefore he cannot sustain a public policy tort claim because his exclusive remedy is under the WPA.

In his response, Plaintiff adamantly argues that he can pursue his claim under Michigan's WPA (Count I) and that he can also pursue a claim for retaliatory discharge in violation of public policy (Count II).

Although neither party directly addressed this issue, for the reasons below, it appears that Plaintiff's WPA claim may fail as a matter of law.

An employee is engaged in a protected activity under the WPA if he has reported, or is about to report, a suspected violation of law to a "public body." *Shallal v. Catholic Social Svs. of Wayne County*, 455 Mich. 604, 610 (1997). The WPA defines the term "public body" in the

---

[2]Plaintiff's First Amended Complaint did not add any claims that were not asserted in the original complaint. Rather, Plaintiff filed the amended pleading in response to this Court's Show Cause Order relating to subject matter jurisdiction.

statute:

> (d) 'Public body' means all of the following:
> (i) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of state government.
> (ii) An agency, board, commission, council, member, or employee of the legislative branch of state government.
> (iii) A county, city, township, village, intercounty, intercity, or regional governing body, a council, school district, special district, or municipal corporation, or a board, department, commission, council, agency, or any member or employee thereof.
> (iv) Any other body which is created by state or local authority or which is primarily funded by or through state or local authority, or any member or employee of that body.
> (v) A law enforcement agency or any member or employee of a law enforcement agency.
> (vi) The judiciary and any member or employee of the judiciary.

M.C.L. § 15.361(d). Michigan case law, including the *Hall* decision that Plaintiff relies on in his brief, reflects that the WPA's definition of "public body" does not include federal agencies. *Hall v. Consumers Energy Co.*, 2006 WL 1479911 (Mich. App. 2006); *see also Lewandowski v. Nuclear Mgmt. Co., L.L.C.*, 272 Mich. App. 120 (2006). Accordingly, a plaintiff who alleges that he was wrongfully discharged for having reported, or being about to report, a suspected violation of law to a federal agency has not engaged in activity that is protected by the WPA and therefore cannot maintain a claim under the WPA. *Id.*

Here, Plaintiff's WPA claim is based upon his assertion that he "was about to report violations of law [he] discovered to the Office of Federal Contracts Compliance Programs (OFCCP)." (Pl.'s Afft. at ¶ 19). That is the only protected activity that Plaintiff claims to have taken under the WPA. (*See* Pl.'s Resp. at 13-14). The Office of Federal Contract Compliance Programs is a *federal agency* that enforces certain federal regulations that pertain to government contractors. *See* 41 C.F.R. § 60-1.2; *Smith v. Singer Co.*, 650 F.2d 214, 215 (9th Cir. 1981). Accordingly, as in *Hall* and *Lewandowski*, it appears that Plaintiff's WPA claim fails as a matter

of law.

Because neither party adequately addressed this threshold issue in their briefs, however, the Court concludes that supplemental briefing on this narrow issue should be permitted before the Court rules on the pending motion.

The Court shall allow Plaintiff to file a brief of no more than 5 pages, devoted solely to this narrow issue, within 10 days of this order. If Plaintiff elects to file such a brief, Defendant shall be permitted to file a response, of equal length, within 7 days of the filing of Plaintiff's brief. No reply brief shall be permitted.

In addition, due to the way the issues were raised and developed, with the parties focusing primarily on the WPA claim (Count I) and devoting little argument to the public policy claim (Count II), the Court concludes that supplemental briefing should be permitted on Count II as well. The Court shall allow Defendant to file a supplemental brief of no more than 8 pages within 10 days of this order. If Defendant elects to file such a brief, Plaintiff shall be permitted to file a response, of equal length, within 7 days of the filing of Defendant's brief. No reply brief shall be permitted.

For the reasons above, the Court hereby **ORDERS** that it shall allow supplemental briefing by the parties, as outlined above.

**IT IS FURTHER ORDERED** that the motion hearing scheduled for January 24, 2008, at 4:00 p.m. is hereby **CANCELLED** and will be rescheduled by the Court.

**IT IS SO ORDERED.**

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: January 23, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andra T. Robinson,

    Plaintiff,

v.      Case No. 07-10421

Radian, Inc., a/k/a Radian, Inc. of     Honorable Sean F. Cox
Virginia, d/b/'a DRS Technical Services,

    Defendant.
_____/

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 23, 2008, by electronic and/or ordinary mail.

                      S/Jennifer Hernandez
                      Case Manager