UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andra T. Robinson,

    Plaintiff,

v.                                                              Case No. 07-10421

Radian, Inc., a/k/a Radian, Inc.                 Honorable Sean F. Cox
of Virginia, d/b/a DRS Technical
Services, Inc.,

    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

In this whistleblower action, Plaintiff asserted two claims against his former employer: 1) a claim that his former employer retaliated against him for being "about to report" suspected violations of law to a public body in violation of Michigan' Whistleblower Protection Act ("WPA"); and 2) a claim that his former employer retaliated against him in violation of Michigan's public policy for his internal reporting and refusal to violate the law ("the Public Policy Claim").

Following discovery, Defendant filed a Motion for Summary Judgment challenging Plaintiff's WPA claim on several grounds. Defendant's motion also sought summary judgment with respect to Plaintiff's Public Policy Claim on the sole ground that the WPA is Plaintiff's exclusive remedy. While the motion was pending, the Court issued an order allowing both parties to file supplemental briefs, and Defendant's supplemental brief included some additional, but limited challenges to the Public Policy Claim.

1

After extensive briefing by the parties, and oral argument, the Court issued a lengthy Opinion & Order on April 24, 2008, in which the Court granted the motion in part and denied the motion in part. The Court granted the motion with respect to Plaintiff's WPA claim and dismissed that claim. The Court granted in part, and denied in part, the motion with respect to the Public Policy Claim. The Public Policy Claim is therefore the only remaining claim in this action.

On May 12, 2008, Defendant filed the instant Motion for Reconsideration pursuant to Rule 7.1(g) of the Local Rules for the United States District Court, Eastern District of Michigan. (Docket Entry No. 49). The Court finds that oral argument would not significantly aid the decisional process and the motion will therefore be decided upon the motion and brief submitted by Defendant.

Local Rule 7.1(g) provides that a motion for reconsideration should only be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. L.R. 7.1(g).

Defendant's motion fails to meet this standard. Rather than identify a "palpable defect" with the Opinion & Order, Defendant's Motion for Reconsideration asks the Court to consider new legal and factual arguments regarding the Public Policy Claim. These new, additional arguments were not included in Defendant's Motion for Summary Judgment or the extensive briefing filed by Defendant in support of its motion. A motion for reconsideration is not an appropriate vehicle for raising new facts or arguments that were not included in the original motion. *See, e.g., Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th

Cir. 1998)(holding that a party is not permitted to raise new legal arguments on a motion for reconsideration that could have been raised earlier).

Accordingly, **IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED.  IT IS FURTHER ORDERED** that the Final Pretrial Conference for this matter shall proceed as scheduled on May 30, 2008.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 14, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 14, 2008, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager